UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

PEOPLES BANK OF THE SOUTH,  )
  )
    Plaintiff,  )
  )
v.  )  No.: 3:14-CV-17-TAV-HBG
  )
FISERV SOLUTIONS, INC.,  )
  )
    Defendant.  )

**MEMORANDUM AND ORDER**

This civil action is before the Court on the parties' Joint Motion for Approval of Agreed Order Transferring Venue [Doc. 11]. Previously, defendant moved the Court to transfer this case to the United States District Court for the Middle District of Tennessee Pursuant to 28 U.S.C. § 1404(a) [Doc. 7]. Plaintiff filed a response to defendant's previous motion consenting to the transfer [Doc. 10]. For the reasons stated below, the parties' joint motion to transfer venue will be **GRANTED**, and defendant's motion to transfer venue will be **DENIED** as moot.

I.    **Background**

This case involves a cause of action arising under the provisions of two contracts: the first between plaintiff and defendant's predecessor, Financial Data Technology Corporation ("Fi-Data"), and the second between plaintiff and defendant [Doc. 1-1 pp. 4, 7]. Plaintiff has accused defendant of breaching both contracts by charging exorbitant, excessive, and baseless fees in contravention of the amounts agreed to in the contracts,

and forcing plaintiff to pay these fees by withholding data and services that were vital for plaintiff to conduct its business [*Id*. at 7–11].

Plaintiff filed its complaint in the Chancery Court for Campbell County, Tennessee [*Id*. at 3]. Defendant removed the case to this Court on the basis of diversity jurisdiction [Doc. 1]. Defendant subsequently filed a motion to change venue, arguing that one of the contracts between plaintiff and defendant contains a forum selection clause that provides "that the exclusive jurisdiction and venues for any dispute arising out of the contract are the state or federal courts within Nashville, Tennessee" [Doc. 7].

## II. Analysis

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court has broad discretion in considering a motion to transfer under § 1404(a). *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *see also Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 537 (6th Cir. 2002) (stating that "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness.").

Transfer of venue under § 1404(a) requires a two-part analysis. The court must first decide whether the claim could be brought in the transferee district. 28 U.S.C. § 1404(a). The court must next consider and balance all of the relevant factors to resolve whether the litigation in question would proceed more conveniently and whether the interests of justice would be better served through transfer to a different forum. *Stewart*

2

*Org.*, 487 U.S. at 29. Although "[t]he presence of a forum-selection clause . . . will be a significant factor that figures centrally in the district court's calculus," § 1404(a) nevertheless requires a district court to weigh in the balance a number of case-specific factors. *Id*. The movant bears the burden of proving that there is an alternative venue that is proper and that the "convenience of the parties and witnesses, and the interest of justice warrant transfer." *McKee Foods Kingman v. Kellogg Co.*, 474 F. Supp. 2d 934, 936 (E.D. Tenn. 2006).

Here, the parties have identified an alternate forum in which venue is proper. Fi-Data's headquarters were located in Franklin, Tennessee, and it maintained all of plaintiff's records under the contract at its headquarters [Doc. 8]. When defendant took over the contract with plaintiff, defendant continued to maintain all of plaintiff's records in Franklin and provide services to plaintiff from its Franklin location [*Id*.]. Thus, a substantial part of the events or omissions giving rise to plaintiff's claims occurred there, and venue is proper under 28 U.S.C. § 1391(b)(2).

For the second part of the analysis, district courts within the Sixth Circuit consider several factors, among which are the convenience of witnesses; the location of the relevant documents or records; the residence and convenience of parties; and the locus of the operative facts and the events that gave rise to the dispute or lawsuit. *See Mardini v. Presidio Developers, LLC*, No. 3:08-CV-291, 2011 WL 111245, at *6 (E.D. Tenn. Jan 13, 2011). Defendant argues that all of its potential witnesses and sources of proof are located in the Middle District of Tennessee [Doc. 8]. Defendant also argues that all the

3

support services under the contract were provided from Middle Tennessee [*Id.*]. Furthermore, defendant argues that given the geographical location of both districts, transferring this case to the Middle District of Tennessee would not impose any additional difficulties on plaintiff [*Id.*].

The Court is convinced that the factors outlined above weigh toward transferring this case to the Middle District of Tennessee because the convenience of the parties and witnesses, the locus of operative facts that gave rise to the dispute, and the interest of justice warrant transfer. Additionally, the Court notes that the forum selection clause weighs heavily toward a finding that transfer to the Middle District of Tennessee is both convenient and fair. *See Stewart Org.*, 487 U.S. at 29–30. This conclusion is further bolstered by the fact that the parties are in agreement regarding transfer.

## III. Conclusion

For the reasons set forth above, the parties' joint motion to transfer venue [Doc. 11] is hereby **GRANTED**, and defendant's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) [Doc. 7] is hereby **DENIED** as moot. This case is hereby **TRANSFERRED** to the United States District Court for the Middle District of Tennessee.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE